FIRMAN DE LOGE'S ADMINISTRATOR, Respondent, v. JOSEPHUS W. HALL, Appellant.

1. When in a suit to recover rent the petition alleged a leasing for a term of years, and the answer admitted the agreement as alleged in the petition, and the taking possession of the premises; *held* to be immaterial whether the instrument called a lease was sealed or unsealed.

*Appeal from St. Louis Land Court.*

*C. C. Carroll*, for appellant.

*M. L. Gray*, for respondent.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared, but no judgment entered upon it. The parties now agree that that opinion may be filed, and judgment entered in accordance with it. Therefore, the other judges concurring, the judgment is affirmed.

EWING, Judge. This was an action for the recovery of rent accruing on a lease of certain property for the term of five years. The answer admitted the agreement as alleged in the petition, and that the defendant took possession thereunder, but denied the occupancy of the premises for the period stated in the petition. It also alleged that De Loge deprived the defendant of the possession before the expiration of the lease, and claimed damages therefor. The rent claimed was for the year commencing 1st July, 1853. The plaintiff proved the possession of the premises by the defendant until the spring of 1854, and that they were again rented in the early part of the summer of that year. He also read that part of the answer which admitted the lease, and closed. No evidence was offered by the defendant. There was a trial by the court, and judgment for the plaintiff. The court was asked to declare that if the plaintiff, in order to support the issues on his part, had to rely and did rely on the defendant's

answer, or any part thereof, then the whole of said answer must be considered in evidence, and the verdict must be for the defendant for the sum set forth in the answer as the sum due defendant, over and above the amount claimed by the plaintiff. That if the claim of the plaintiff is founded on a sealed instrument of writing, the action should have been founded on such instrument, and the plaintiff can not recover. These instructions were refused, and exceptions saved. As to the last instruction, it is sufficient to observe that there was nothing in the transcript from which it could appear whether the instrument was sealed or unsealed; it does not appear to have been read on the trial, the averments of the petition respecting it having been admitted in the answer. But whether a sealed instrument or not, it is the foundation of the action; it is declared on as an agreement—a contract; and the answer admits the execution and terms of the instrument as alleged by the plaintiff. We do not see the materiality of the point raised by this instruction. Among the errors assigned is the ruling of the court, that no replication was necessary to the answer, inasmuch as it did not contain a counter-claim. We see no such ruling in this record; and no point appears to have been made in the court below touching this matter, unless it was intended to be raised by the first instruction, and the exception saved to the refusal of this, is abandoned here by counsel.

Judgment affirmed.